## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CENTER FOR BIOLOGICAL DIVERSITY,
1411 K Street N.W., Suite 1300
Washington, D.C. 20005,

      Plaintiff,

  v.

U.S. DEPARTMENT OF STATE,
2201 C Street N.W.
Washington, D.C. 20520,

      Defendant.

**COMPLAINT
FOR DECLARATORY AND
INJUNCTIVE RELIEF**

Civil Action No.: _____

## INTRODUCTION

1.　　Plaintiff Center for Biological Diversity ("the Center")—an environmental conservation organization that works to protect native wildlife species and their habitats from threats like climate change—challenges the failure of Defendant U.S. Department of State ("the Department") to respond to the Center's request for records regarding the preparation and production of the overdue seventh U.S. Climate Action Report, in violation of the Freedom of Information Act, 5 U.S.C. § 552, as amended ("FOIA"), or alternatively, the Administrative Procedure Act, 5 U.S.C. §§ 701-06 ("APA").

2.　　As an Annex I party to the United Nations Framework Convention on Climate Change, ("the Convention"), UNFCCC, May 9, 1992, S. Treaty Doc. No. 102-38, 1771 U.N.T.S. 107, the United States was required to submit the seventh U.S. Climate Action Report ("the Climate Action Report") to the Convention's secretariat by January 1, 2018.  In accordance with the Global Climate Protection Act of 1987, 15 U.S.C. § 2901, the Department is designated as the lead agency for U.S. compliance with the country's international obligations related to climate change, including those under the U.S.-ratified Convention.  In spite of the Convention's

imposed deadline, the Department has failed to submit the seventh U.S. Climate Action Report by the mandated due date of January 1, 2018.

3.      Seeking to understand the bases for the Department's failure to submit the Climate Action Report, on February 1, 2018, the Center submitted a FOIA request to the Department seeking records that explain the report's delay and reference the report's preparation as well as the timeline and status of its production and release ("the FOIA Request").

4.      Although more than 20 working days have passed since the Center submitted its FOIA Request, the Department has failed to provide any responsive records or indicate when it may do so.  The Department is, thus, unlawfully withholding the records by failing to search for and provide all responsive records to the Center.  The Department's failure to search for and release all records related to the Climate Action Report is contrary to FOIA and undermines FOIA's policy of government transparency.

5.      Because prompt access to these records is necessary to effectuate FOIA's purpose, the Center seeks declaratory relief establishing that the Department is in violation of FOIA, or alternatively, the APA.  The Center also seeks injunctive relief directing the Department to provide the Center with responsive records without any further delay.

<u>**JURISDICTION AND VENUE**</u>

6.      This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

7.      Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district, and because the responsive records may be found in this district.

8.      Declaratory relief is appropriate under 28 U.S.C. § 2201.

9.      Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

10.     Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with offices throughout the United States.  The Center has more than 63 million members who care about protecting the natural environment from the ravages of climate change and other environmental degradation.  The Center and its members are harmed by the Department's violations of FOIA, which are preventing the Center from gaining a full understanding of the Department's activities, priorities, and decision-making with respect to the Climate Action Report and climate change generally.

11.     Defendant DEPARTMENT OF STATE is an agency within the executive branch of the federal government.  The Department is designated as the lead agency responsible for complying with the country's international obligations related to climate change, including those under the U.S.-ratified Convention.  The Department is in possession and control of records subject to the Center's FOIA Request and is thus subject to FOIA pursuant to 5 U.S.C. § 552(f).

## STATUTORY BACKGROUND

12.     FOIA's basic purpose is government transparency.  It establishes the public's right to access all federal agency records unless such records may be withheld pursuant to one of nine, narrowly construed FOIA exemptions.  5 U.S.C. § 552(b)(1)-(9).

13.     FOIA imposes strict deadlines on federal agencies when they receive requests for records pursuant to FOIA.  Specifically, an agency must determine whether to disclose responsive records and notify the requester of its determination within 20 working days of

receiving a FOIA request, and it must make releasable records "promptly" available.  *Id.* §§
552(a)(3)(A), (a)(6).  Although the statute also provides limited circumstances under which this
deadline may be extended, it does not provide for any extension where the agency has not
responded to the requestor at all.  *Id.* § 552(a)(6).

14.     FOIA places the burden on the agency to prove that it may withhold responsive
records from a requester.  *Id*. § 552(a)(4)(B).

15.     FOIA requires each agency to make reasonable efforts to search for records in a
manner reasonably calculated to locate all records responsive to the FOIA request.  *Id.*
§ 552(a)(3)(C)-(D).  The cut-off date for the agency's search is the date that the agency conducts
the search and not any earlier date.

16.     FOIA requires federal agencies to expeditiously disclose requested records, *see id.*
§ 552, and mandates a policy of broad disclosure of government records.  Any inquiry under
FOIA brings with it a strong presumption in favor of disclosure.

17.     Congress provided that in certain, limited instances, records may be withheld as
exempt from FOIA's broad disclosure mandate, based on nine categories of exemptions.  *Id*. §
552(b).  These exemptions, however, are narrowly construed in light of FOIA's dominant
objective of disclosure, not secrecy.

18.     The U.S. district courts have jurisdiction "to enjoin the agency from withholding
agency records and to order the production of any agency records improperly withheld from the
complainant."  *Id*. § 552(a)(4)(B).

19.     Alternatively, an agency's response to a FOIA request is subject to judicial review
under the APA, which confers a right of judicial review on any person who is adversely affected
by agency action, 5 U.S.C. § 702, and authorizes district courts to compel agency action that is

unlawfully withheld or unreasonably delayed.  *Id.* § 706(1).  District courts must set aside any agency action that is found to be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law."  *Id.* § 706(2)(A).

## FACTUAL BACKGROUND

A.      **The U.S. Climate Action Report**

20.      On October 13, 1992, President George H.W. Bush, after receiving consent from Congress, ratified the United Nations Framework Convention on Climate Change, the framework treaty of the international climate change regime which aims to "stabiliz[e] greenhouse gas concentrations at a level that would prevent dangerous anthropogenic interference with the climate system."  The Convention entered into force on March 1, 1994.

21.      The Convention obligates parties to fulfill specific reporting requirements.  In particular, pursuant to articles 4 and 12 of the Convention and subsequent decisions, countries listed on Annex I, like the United States, are obligated to submit both (i) "national communications" every four years and (ii) "biennial reports" every two years.  These reports are intended to detail an Annex I party's national greenhouse gas emission inventories and detailed mitigation and adaptation plans consistent with the Convention's objectives—together constituting a bedrock part of the international transparency system of monitoring, verification, and implementation that is critical to global efforts collectively addressing climate change.

22.      In accordance with the Global Climate Protection Act of 1987, 15 U.S.C. § 2901, the Department is designated as the lead agency for U.S. compliance with the country's international obligations related to climate change, including those under the U.S.-ratified Convention.

Case 1:18-cv-00563   Document 1   Filed 03/13/18   Page 6 of 15

23.     To fulfill the Convention's requirements, the Department in prior years has submitted the separate but complementary national communication and biennial reports as one report, titled the U.S. Climate Action Report.  The State Department has successfully complied with these submission requirements without fail since its reporting obligations began, having submitted the most recent sixth national communication and second biennial report in 2014.

24.     The seventh U.S. Climate Action Report was due on January 1, 2018, and was intended to contain both the (i) seventh U.S. National Communication and (ii) the third U.S. Biennial Report.  In spite of the Convention's mandated deadline of January 1, 2018 for the national communication and biennial report, the Department failed to submit the seventh Climate Action Report by the deadline.  Even more, the Department failed to issue any public statements regarding the Climate Action Report's preparation, draft texts, or public comment opportunities necessary for the Report's final issuance—a process that has, in the past, taken over a year.

**B.      The Center's FOIA Request**

25.     Seeking to understand the reasons for the Department's failure to submit the Climate Action Report by the mandated January 1, 2018 deadline, the Center submitted a FOIA Request, to the Department on February 1, 2018, seeking, among other things:

> All records mentioning, including, and/or referencing the Seventh Climate Action Report ("CAR-7"), which is bifurcated into both the Seventh U.S. National Communication ("NC-7") and the Third U.S. Biennial Report ("BR-3"), as mandated to be submitted under the United Nations Framework Convention on Climate Change ("UNFCCC") Articles 4 and 12, including but not limited to:
>
> > a.   All records mentioning, including, and/or referencing the substantive content of the CAR-7, NC-7, and BR-3, including but not limited to U.S. greenhouse gas emission inventories, climate action plans, and international finance assistance;
> >
> > b.   All records mentioning, including, and/or referencing the preparation, timeline of production and release, status of production and release, Federal Register notifications of production and release, public

comment procedures, and interagency, intra-agency, expert, and/or other public review procedures, with respect to producing, finalizing, and releasing the CAR-7, NC-7, and BR-3;

c.   All records mentioning, including, and/or referencing whether the CAR-7, NC-7, and BR-3 will be issued in final form by the UNFCCC deadline of January 1, 2018 and/or any other further revised timeline;

d.   All records mentioning, including, and/or referencing obstacles completing the CAR-7, NC-7, and BR-3 by UNFCCC deadline of January 1, 2017 and any further revised deadline or timeline;

e.   All records mentioning, including, and/or referencing whether to comply with the UNFCCC, Paris Agreement, and other climate treaty deadlines with respect to the CAR-7, NC-7, and BR-3;

f.   All records mentioning, including, and/or referencing the effects and consequences of compliance and non-compliance with the UNFCCC, Paris Agreement, and other climate treaty deadlines with respect to the CAR-7, NC-7, and BR-3;

g.   All inter- and intra-agency correspondence records mentioning, referencing and/or including reference to compliance with the UNFCCC and any other applicable laws relevant to the production, release, and submission of the CAR-7, NC-7, and BR-3;

h.   All records of communications between the UNFCCC Secretariat or other administrator of the UNFCCC, the Intergovernmental Panel on Climate Change, and/or any other relevant international organizations and other national governments, mentioning, referencing and/or including reference to compliance with the UNFCCC and any other applicable laws relevant to the production, release, and submission of the CAR-7, NC-7, and BR-3.

26.   On February 1, 2018, the Department sent back an automatically-generated email to the Center confirming that it had received the Center's FOIA Request.

27.   A determination on the FOIA Request was due by March 2, 2018, which is twenty working days since the Department's confirmed receipt of the FOIA Request.

28.     On March 5, 2018, the Center sent the Department a letter, electronically, explaining that the Department had missed the statutory deadline and requesting a response within seven days.

29.     On March 7, 2018, the Department sent a letter, electronically, to the Center, in response to the March 5, 2018 letter, conveying that it had assigned the FOIA Request the case control number of 2018-01010.  The Department failed to provide any responsive records or any indication as to when it intends to provide responsive records.

30.     As of the date of the filing of this complaint, which is passed the 20-working-day deadline, the Center has not received any other communications regarding the FOIA Request, and the Department has failed to provide any responsive records or any indication as to when it intends to provide responsive records.

31.     The Center has been required to expend resources to prosecute this action.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

**(Failure to make a timely determination on the Center's FOIA Request)**

32.     The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

33.     The Center has a statutory right to a lawful final determination from the Department on the FOIA Request, in a manner that complies with FOIA.  The Department has violated the Center's rights in this regard by unlawfully delaying its response beyond the deadline that FOIA mandates. 5 U.S.C. § 552(a)(6)(A)(i).

34.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Department in the foreseeable future.

35.     The Center's organizational activities will be adversely affected if the Department is allowed to continue violating FOIA's decision deadlines.

36.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Department will continue to violate the Center's rights to receive public records under FOIA.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

**(Failure to provide the records responsive to the Center's FOIA Request)**

37.     The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

38.     The Center has a statutory right to the records it seeks.  The Department is violating the FOIA and implementing regulations by refusing to disclose the records responsive to the Center's FOIA Request.

39.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Department in the foreseeable future.

40.     The Center's organizational activities will be adversely affected if the Department continues to violate FOIA's disclosure provisions as it has in this case.

41.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, The Department will continue to violate the Center's rights to receive public records under FOIA.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

**(Failure to adequately search for records responsive to the Center's FOIA Request)**

42.     The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

43.     The Center has a statutory right to have the Department process the FOIA Request in a manner that complies with FOIA.  5 U.S.C. § 552(a)(3).  The Department is violating the Center's rights in this regard by unlawfully failing to undertake a search reasonably calculated to locate all records that are responsive to the Center's FOIA Request.

44.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Department in the foreseeable future.

45.     The Center's organizational activities will be adversely affected if the Department continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to their respective FOIA Requests.

46.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Department will continue to violate the Center's rights to receive public records under FOIA.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

**(Failure to disclose all non-exempt records responsive to the Center's FOIA Request)**

47.     The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

48.     The Center has a statutory right to the records it seeks.  There is no legal basis for the Department to assert that any of FOIA's nine exemptions to mandatory disclosure apply to withhold these records from the Center.  See 5 U.S.C. § 552(b)(1)-(9).

49.     To the extent the Department is invoking any of these exemptions, the Department is unlawfully withholding from disclosure records that are responsive to the Center's FOIA Request.

50.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Department in the foreseeable future.

51.     The Center's organizational activities will be adversely affected if the Department continues to violate FOIA's disclosure provisions.

52.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Department will continue to violate the Center's rights to receive public records under FOIA.

**FIFTH CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**

**(Failure to provide reasonably segregable portions of any lawfully exempt records)**

53.     The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

54.     The Center has a statutory right to any reasonably segregable portion of a record that may contains information lawfully subject to any of FOIA's exemptions.  5 U.S.C. § 552(b). The Department is violating the Center's rights in this regard to the extent it is unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the Center's FOIA Request.

55.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Department in the foreseeable future.

11

56.     Center's organizational activities will be adversely affected if the Department continues to violate FOIA's disclosure provisions.

57.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Department will continue to violate the Center's rights to receive public records under FOIA.

**SIXTH CLAIM FOR RELIEF**
**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**
**(In the Alternative to the First Through Fifth Claim)**

**(Agency action unlawfully withheld or unreasonably delayed)**

58.     The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

59.     The Department is unlawfully withholding agency action by failing to comply with the mandates of FOIA as a result of its failure and refusal to search for and disclose records responsive to the Center's FOIA Request. The Department's failures constitute agency actions that are unlawfully withheld pursuant to the APA, 5 U.S.C. § 706(1).

60.     Alternatively, the Department is unreasonably delaying agency action by failing to comply with the mandates of FOIA as a result of its failure and refusal to search for and disclose records responsive to the Center's FOIA Request. The Department's failures constitute agency action unreasonably delayed pursuant to the APA, 5 U.S.C. § 706(1).

61.     As alleged above, the Department's failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of its statutory duties under the APA.

62.     The Center has suffered a legal wrong as a result of the Department's failure to comply with the mandates of FOIA.  As alleged above, the Department is violating its statutory

duties under the APA and injuring the Center's interests in public oversight of governmental operations.

63.     The Center has no other adequate remedy at law to redress the violations noted above.

64.     The Center is entitled to judicial review under the APA, 5 U.S.C. § 702.

### SEVENTH CLAIM FOR RELIEF
### VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT
### (In the Alternative to the First Through Sixth Claims)

**(Arbitrary and capricious agency action)**

65.     The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

66.     The Department is violating FOIA's statutory mandates by failing to search for and disclose records responsive to the Center's FOIA Request.  By violating FOIA's statutory mandates, the Department's actions are arbitrary, capricious, an abuse of discretion, or not in accordance with the law pursuant to the APA, 5 U.S.C. § 706(2)(A).

67.     As alleged above, the Department's failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of the agency's statutory duties under the APA.

68.     The Center has suffered a legal wrong as a result of the Department's failure to comply with the mandates of FOIA.  As alleged above, the Department is violating their statutory duties under the APA and injuring the Center's interests in public oversight of governmental operations.

69.     The Center has no other adequate remedy at law to redress the violations noted above.

70.     The Center is entitled to judicial review under the APA, 5 U.S.C. § 702.

## PRAYER FOR RELIEF

WHEREFORE, the Center prays that this Court:

1.     Order the Department to conduct searches reasonably calculated to locate all records responsive to the Center's FOIA Request, utilizing a cut-off date for such searches that is the date the searches are conducted, and providing the Center, by a date certain, with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

2.     Declare that the Department's failure to timely make a determination on the Center's FOIA Request is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i) and (ii), or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2)(A).

3.     Declare that the Department's failure to timely undertake a search for and disclose to the Center all records responsive to the Center's FOIA Request, as alleged above, is unlawful under FOIA, U.S.C. § 552(a)(6)(A)(i), or in the alternative, is an agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

4.     Declare that the Department's failure to provide the Center with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption, as alleged above, is unlawful under FOIA, U.S.C. § 552(a)(6)(A)(i), or in the alternative, is an agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

5.      Award the Center its costs and reasonable attorney fees pursuant to 5 U.S.C. §

552(a)(4)(E) or 28 U.S.C. § 2412.

6.      Grant such other and further relief as the Court may deem just and proper.


DATED: March 13, 2018                    Respectfully submitted


                                         */s/ Anchun Jean Su*
                                         Anchun Jean Su
                                         (D.C. Bar No. CA285167)
                                         Howard M. Crystal
                                         (D.C. Bar No. 446189)
                                         CENTER FOR BIOLOGICAL DIVERSITY
                                         1411 K Street N.W., Suite 1300
                                         Washington, D.C. 20005
                                         Telephone:    202-849-8399
                                         Email:        jsu@biologicaldiversity.org

                                         *Attorneys for Plaintiff*